# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| JOSE A. RIVAS, | ) |
|     *Petitioner*, | ) Case No. 2:19-cv-28 |
| v. | ) Judge Travis R. McDonough |
| GEORGIA CROWELL, | ) |
|     *Respondent*. | ) |

## MEMORANDUM OPINION

Before the Court is a *pro se* prisoner's petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent has filed the state record (Doc. 5), as well as a motion to dismiss the petition as time-barred (Doc. 6). Petitioner filed a response in opposition (Doc. 8) and Respondent filed a reply (Doc. 9). For the following reasons, Respondent's motion to dismiss the § 2254 petition (Doc. 6) will be **GRANTED** and this action will be **DISMISSED**.

## I. PROCEDURAL HISTORY

On September 16, 2005, Petitioner pleaded guilty to two counts of first-degree murder. (Doc. 5-1, at 10–11.) Petitioner did not appeal these convictions, but on May 2015, Petitioner filed a state-court petition for a writ of habeas corpus (*id.* at 3–9), which the state-court denied (*id.* at 68). The Tennessee Court of Criminal Appeals ("TCCA") affirmed this denial. *Rivas v. McAllister*, No. E2015-01506-CCA-R3-HC, 2016 WL 863317 (Tenn. Crim. App. March 4, 2016), *perm. app. denied* (Tenn. June 23, 2016). In May 2017, Petitioner filed a second state court petition for a writ of habeas corpus (Doc. 5-10, at 3–10), which the state court dismissed upon the motion of the respondent (*id.* at 79). The TCCA affirmed this dismissal. *Rivas v. Lee*,

No. E2017-01597-CCA-R3-HC, 2018 WL 842429 (Tenn. Crim. App. Feb. 13, 2018), *perm. app. denied* (Tenn. May 17, 2018). On February 15, 2019, Petitioner filed the instant § 2254 petition. (Doc. 1, at 10.)

II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in 28 U.S.C. § 2241, *et seq.*, provides a one-year statute of limitations for the filing of an application for a federal writ of habeas corpus. The statute provides, in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review . . . .

28 U.S.C. § 2244(d)(1). However, the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. . . ." 28 U.S.C. § 2244(d)(2).

For AEDPA purposes, Petitioner's convictions became final on October 17, 2005, the day on which Petitioner's time to file an appeal of the judgment against him expired. *See*, *e.g.*, *Feenin v. Myers*, 110 F. App'x 669 (6th Cir. 2004) (citing Tenn. R. App. P. 4(a)) (providing that where the Tennessee petitioner did not pursue a direct appeal, his state court conviction was deemed "final" upon the expiration of the thirty-day time-period in which he could have done so). Thus, Petitioner's § 2254 petition, filed February 15, 2019, more than thirteen years after his convictions became final, is untimely. While, as set forth above, Petitioner filed state court habeas petitions in 2015 and 2017, neither of these filings revived the AEDPA clock. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (holding that "(t)he tolling provision does

not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run").

The AEDPA statute of limitations is not jurisdictional, however, and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is warranted when a petitioner shows that he has diligently pursued his rights, but an extraordinary circumstance prevented him from timely filing the petition. *Id.* at 649. A petitioner bears the burden of demonstrating that he is entitled to equitable tolling, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), and federal courts should grant equitable tolling sparingly. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *see also Graham-Humphreys v. Memphis Brooks Museum of Art. Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (providing that "(a)bsent compelling equitable considerations, a court should not extend limitations by even a single day").

Petitioner argues he is entitled to equitable tolling because Tennessee does not have a time bar for habeas corpus claims (Doc. 1, at 9), which Petitioner asserts is an "extraordinary circumstance" that excuses his failure to timely file his § 2254 petition because applying the AEDPA's one-year statute of limitations would exclude state court rulings on habeas petitions based on newly-discovered evidence from federal review. (Doc. 8, at 3.)

This argument is not persuasive. As set forth above, state court filings, even if properly filed, cannot "revive" an AEDPA statute of limitations that has already run. *Vroman*, 346 F.3d at 602. Moreover, while newly discovered evidence may affect the date on which the AEDPA statute of limitations begins to run for claims based on such evidence, *see* 28 U.S.C. § 2244(d)(1)(D), Petitioner does not assert a claim for habeas relief based on newly discovered evidence. Rather, Petitioner seeks habeas relief based on the same venue argument that he presented in his 2015 and 2017 state habeas proceedings which were apparent from the face of

3

his 2004 indictments and 2005 plea agreement and waiver of rights and plea of guilty. (Doc. 1, at 12; Doc. 5-1, at 13–18, 20, 21). Accordingly, Petitioner has failed to establish that he is entitled to equitable tolling of the statute of limitations, his § 2254 petition is time-barred, and this action will be **DISMISSED**.

### III. CERTIFICATE OF APPEALABILITY

Finally, the Court must consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a § 2254 case only if he is issued a COA, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). Where the district court rejects the § 2254 petition on a procedural basis, a COA shall issue only where reasonable jurists would debate the correctness of the Court's ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485–86 (6th Cir. 2001). As reasonable jurors would not debate the Court's ruling that the § 2254 petition is time-barred, a COA will not issue.

### IV. CONCLUSION

For the reasons set forth above:

1. Respondent's motion to dismiss the petition as time-barred (Doc. 6) will be **GRANTED**;

2. The § 2254 petition (Doc. 1) will be **DENIED** as time-barred;

3. A COA will not issue; and

4. This action will be **DISMISSED**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**